## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-101

MICHELLE BING,

      Plaintiff,

v.

APPLE, INC.,

      Defendant.

## NOTICE OF REMOVAL

Defendant Apple, Inc. ("Defendant" or "Apple"), by and through its counsel, respectfully submits this Notice of Removal of this action from the District Court, Arapahoe County, in the state of Colorado to the United States District Court for the District of Colorado. This Notice of Removal is filed under 28 U.S.C. §§ 1332, 1441 and 1446, as well as D.C.COLO.LCivR 81.1. As grounds for removal, Defendant states as follows:

### OVERVIEW

1. This case is removable to the U.S. District Court under 28 U.S.C. § 1332 based on diversity jurisdiction because, as explained below, this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.

2. Plaintiff, Michelle Bing, resides in Aurora, Colorado, and therefore is a citizen of the state of Colorado. *See* **Exhibit A,** District Court Complaint at ¶ 1.

3. Apple is a corporation organized under the laws of the state of California, and its principal place of business is located at One Apple Parkway, Cupertino, California 95014. *Id.* at ¶ 2. Therefore, Defendant is a citizen of California. 28 U.S.C. § 1332(c)(1).

4. If Plaintiff were to prevail on her Colorado Anti-Discrimination Act ("CADA") claims, she would be entitled to back pay and front pay, lost benefits, compensatory and punitive damages, and costs and fees pertaining to the action.

5. Further, as part of Plaintiff's Civil Case Cover Sheet (**Exhibit B)**, she elected to state that she "… is seeking a monetary judgment against another party [Defendant] of more than $100,000.00, exclusive of interest and costs…"

6. In her Complaint, Plaintiff requests economic damages in the form of "lost wages, lost benefits, lost overtime opportunities and the value of forfeited stock options," (*see* **Ex. A**), which will undoubtedly equate to an amount in controversy in excess of $75,000. In 2025, Plaintiff earned an average annual pay of around $73,700 and may obtain up to $300,000 in compensatory and punitive damages because Apple employs over 500 employees. **Exhibit C**, Declaration of Catherine Spevak at ¶¶ 4-5.

7. Because the parties are diverse and the amount in controversy exceeds $75,000, diversity jurisdiction exists. 28 U.S.C. § 1332(a).

8. Accordingly, removal is appropriate under 28 U.S.C. § 1332.

9. This removal notice is timely filed under 28 U.S.C. § 1446(b).

### SERVICE OF COMPLAINT AND SUMMONS

10. On October 24, 2025, Plaintiff commenced an action in the District Court, Arapahoe County, state of Colorado (hereinafter referred to as the "State Court"), entitled

*Michelle Bing v. Apple, Inc.*, Case No. 2025 CV 32585 (hereinafter referred to as the "State Action"). A true and correct copy of the District Court Complaint (**Ex. A**) and the Civil Case Cover Sheet (**Ex. B)** are attached hereto.

11. On October 24, 2025, the State Court issued a Delay Reduction Order (**Exhibit D**).

12. On October 29, 2025, the State Court issued a Division 31 Order Re: Case Management Matters and Discovery Protocol (**Exhibit E**).

13. On December 12, 2025, Plaintiff served Defendant through Defendant's Registered Agent (see **Exhibit F,** Affidavit of Service).

14. On December 30, 2025, Defendant filed an Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint and Jury Demand (**Exhibit G**) and on that same day, the Court granted said Motion (**Exhibit H**).

### THIS COURT HAS JURISDICTION OVER PLAINTIFF'S CLAIM

**A. THIS IS AN ACTION BETWEEN CITIZENS OF DIFFERENT STATES AND THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

a. <u>The Parties are Citizens of Different States.</u>

15. Pursuant to 28 U.S.C. § 1332, the United States district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,0000, exclusive of interest and costs, and is between—(1) citizens of different states."

16. Plaintiff is a citizen of the State of Colorado. *See* **Ex. A**.

17. Defendant is a citizen of the State of California. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state

3

by which it has been incorporated and of the State or foreign state where it has its principal place of business…" 28 U.S.C. § 1332(c)(1). Defendant is a California corporation with its principal place of business located in Cupertino, California. Complete diversity exists between Plaintiff and Defendant.

### b. The Amount in Controversy Exceeds $75,000.

18. Plaintiff alleges in her Complaint that she suffered disability discrimination, retaliation, and a hostile work environment under the Colorado Anti-Discrimination Act ("CADA"). Plaintiff seeks judgment against Defendant for economic damages, including "lost wages, lost benefits, lost overtime opportunities, and the value of forfeited stock options," as well as compensatory and punitive damages. *See* **Ex. A**. Because Apple, Inc. employs over 500 employees, Plaintiff may be awarded $300,000 in compensatory and punitive damages. *See* **Ex. C** at ¶ 4.

19. If Plaintiff were to prevail on her claims, she would be entitled to back pay and front pay, lost benefits, compensatory and punitive damages, and costs and fees pertaining to the action.

20. If Plaintiff were to prevail on her claims and the Court were to award her back pay from the date of her termination through trial and one to two years of front pay, she would be awarded well over $75,000 in economic damages.

21. Although Plaintiff has not specified the total sum of her damages in her Complaint or otherwise, "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a) [ ], information relating to the amount in controversy in the record of the State

proceeding, or in responses to discovery, shall be treated as an **"other paper** under subsection [1446](b)(3)," which governs notice of removal. 28 U.S.C. § 1446(c)(3) (referencing 28 U.S.C. § 1446(b)(3)) (emphasis added). Under 28 U.S.C. § 1446(b)(3), "[A] notice of removal may be filed within 30 days after receipt by defendant… of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable." (emphasis added).

22. As shown in Plaintiff's Civil Case Cover Sheet, Plaintiff seeks a monetary judgment against Defendant for more than $100,000, exclusive of interest and costs. **Ex. B**. This Civil Cover sheet is "other paper" from which it may be ascertained that the case is ripe for removal based on Plaintiff's affirmation regarding the amount in controversy. *See Paros. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264 (10th Cir. 2016) (upholding a cover sheet constitutes notice that starts a removal clock) (citing *Henderson v Target Stores, Inc.*, 431 F. Supp. 2d 1143 (D. Colo. 2006)).

23. Thus, for all the reasons above, the amount in controversy exceeds $75,000.

## VENUE

24. Venue lies in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1391(b) because the State Action was filed in this District and the State Action asserts that the alleged unlawful actions took place in this District. *Id.* at ¶ 4.

25. No hearings have been set in the State Action. **Exhibit I**, State Court Docket Sheet.

## REMOVAL

26. Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice of the removal to all parties in this action and will simultaneously file a copy of this Notice of Removal in the State Court.

27. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or concedes that Plaintiff has pled a claim upon which relief can be granted.

28. In accordance with D.C.COLO.LCivR 81.1, Defendant has attached copies of all State Court pleadings, motions, and other papers, including the State Court's current docket sheet, attached hereto as **Exs. A-I**.

WHEREFORE, Defendant respectfully requests that the United States District Court for the District of Colorado accept the removal of this action from the State Court and direct that the District Court for Arapahoe County have no further jurisdiction on this matter, unless and until this case is remanded.

Respectfully submitted this 9th day of January, 2026.

JACKSON LEWIS P.C.

*s/ Melisa H. Panagakos*
Melisa H Panagakos
Grant T. Spillers
1400 Wewatta Street, Suite 900
Denver, Colorado 80202
Telephone: (303) 892-0404
Melisa.Panagakos@jacksonlewis.com
Grant.Spillers@jacksonlewis.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that on this 9th day of January, 2026, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed and served via email and/or certified mail upon the following:

Deborah Yim
PRIMERA LAW GROUP, LLC
1241 South Parker Road, Suite 201
Denver, CO 80231
dyim@primeralaw.com

*Attorney for Plaintiff*

                                           *s/ Mindy Tancrede*
                                           for Jackson Lewis P.C.