**EXHIBIT A**

| | |
|---|---|
| ARAPAHOE COUNTY DISTRICT COURT, STATE OF COLORADO<br>7325 S. Potomac Street, Centennial, CO 80112 | DATE FILED<br>October 24, 2025 3:59 PM<br>FILING ID: D7DF055C669FA<br>CASE NUMBER: 2025CV32585 |
| **MICHELLE BING**, an Individual<br><br>   Plaintiff,<br><br>v.<br><br>**APPLE, INC.**, a Colorado corporation<br><br>   Defendant. | ▲ COURT USE ONLY ▲ |
| Attorney for Plaintiff:<br>Deborah Yim, #54388<br>Primera Law Group, LLC<br>1241 South Parker Road, Suite 201<br>Denver, CO 80231<br>(720) 239-2567<br>dyim@primeralaw.com | Case No:<br><br>Division:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff, Michelle Bing, by and through her undersigned counsel, respectfully alleges for her Complaint and Jury Demand as follows:

### INTRODUCTION

Plaintiff Michelle Bing ("Plaintiff") alleges that Defendant Apple, Inc. ("Defendant" or "Apple") infringed upon her rights by subjecting Plaintiff to disability discrimination, retaliation for engaging in protected activities, and a hostile work environment.

### PARTIES, JURISDICTION, AND VENUE

1. At all relevant times, Plaintiff Michelle Bing ("Plaintiff") was and is an individual residing in Aurora, Arapahoe County, State of Colorado.

2. At all relevant times, Defendant Apple, Inc. was and is a corporation with its principal place of business located at One Apple Park Way, Cupertino, CA 95014. Apple conducts substantial business within the State of Colorado and is an employer within the meaning of C.R.S.

1

§ 24-34-401(3).

3. This Court has subject-matter jurisdiction over this matter pursuant to the Colorado Anti-Discrimination Act ("CADA"), C.R.S. § 24-34-401, et seq.

4. This Court has personal jurisdiction over Defendant pursuant to C.R.S. § 13-1-124(1), as the acts and omissions giving rise to Plaintiff's claims occurred in the State of Colorado, and Defendant avails itself of the commerce of the State of Colorado.

5. Venue is proper in the Arapahoe County District Court pursuant to C.R.C.P. 98(c), as the unlawful employment practices alleged herein were committed, in whole or in part, in Arapahoe County, Plaintiff resides in Arapahoe County, and Defendant conducts business in Arapahoe County.

## ADMINISTRATIVE EXHAUSTION

6. On or about May 14, 2024, Plaintiff filed a Charge of Discrimination with the Colorado Civil Rights Division ("CCRD") and the U.S. Equal Employment Opportunity Commission ("EEOC"). The charge was assigned CCRD Charge No. E2400023760 and EEOC Charge No. 32A-2024-00665.

7. The Charge of Discrimination included allegations of disability discrimination, retaliation, failure to provide a reasonable accommodation, and hostile work environment.

8. On or about July 28, 2025, Plaintiff received a Notice of Right to Sue from the CCRD.

9. Plaintiff has filed this Complaint within ninety (90) days of receiving her Notice of Right to Sue.

## FACTUAL ALLEGATIONS

**I.   Background**

10. Plaintiff began her employment with Defendant Apple, Inc. ("Apple") on or about December 1, 2014, as a Mac+ Senior Advisor, performing her duties remotely from her home in Colorado.

11. Throughout her nearly decade-long tenure at Apple, Plaintiff demonstrated exemplary performance, consistently grew within the company, and received multiple performance awards and bonuses.

12. Plaintiff progressed through various roles of increasing responsibility, including serving as a Seed Reader, a Carpe Facto Advisor, and, from 2019 to 2023, as a full-time "Issue Keeper," a highly technical, engineering-adjacent role.

2

13. At all relevant times, Plaintiff has suffered from several serious medical conditions and disabilities within the meaning of CADA, including Systemic Lupus Erythematosus, Protein S Deficiency, Antiphospholipid Syndrome, and chronic pain. These conditions necessitate a work-from-home arrangement, as documented by her medical providers. Apple was aware of Plaintiff's disabilities, as she had approved medical leaves and intermittent FMLA leave in place as accommodations throughout her employment.

## II.    Disability Discrimination and Failure to Accommodate for Seed Analyst Position

14. From 2019 to 2023, Plaintiff performed the duties of what is now known as a "Seed Analyst" under the title of "Issue Keeper." This high-level work involved supporting Apple's engineering teams in identifying and resolving software bugs.

15. Despite performing these advanced duties, Apple misclassified Plaintiff as a lower-level customer support advisor and compensated her accordingly. This discrepancy was acknowledged by a manager in 2022, who noted Plaintiff was performing the duties of a higher-level role while being significantly underpaid.

16. In or around February 2023, Plaintiff reported this pay inequity and misclassification to Apple's People Team (HR).

17. As a direct result of Plaintiff's complaint and the subsequent internal investigation, Apple acknowledged the issue and, in April 2023, created 26 new, permanent "Seed Analyst" positions to formalize the role Plaintiff and her colleagues had been performing for years.

18. On or about June 5, 2023, Apple announced that the newly created Seed Analyst positions, a role Plaintiff and her team had successfully performed remotely for years, would now be "on-site only" in Austin, Texas.

19. In October 2023, Apple management, including Area Manager Ryan Shelton, held town halls and announced a new policy that remote employees would no longer be eligible for promotions, a policy designed to exclude and penalize employees like Plaintiff who required remote work accommodations.

20. Knowing she was qualified for the Seed Analyst role she helped create, Plaintiff applied and, on or about November 29, 2023, informed the recruiter that due to her disabilities, she required a work-from-home accommodation. She was advised to begin the formal accommodation process.

21. On December 18, 2023, Apple sent Plaintiff a written offer for the Seed Analyst position, which included a requirement that she relocate to Austin within twelve months.

22. When Plaintiff raised concerns about this requirement in light of her pending accommodation request, she was assured by Apple management that the relocation clause was a mere formality and separate from her accommodation request, which was still under review.

3

23. Relying on these assurances, Plaintiff accepted the position on or about December 19, 2023, and began working as a Seed Analyst on or about December 20, 2023.

24. Despite Plaintiff successfully performing all duties of the Seed Analyst role remotely from December 2023 to March 2024, Apple denied her accommodation request on or about January 22, 2024.

25. During a meeting on that day, Area Manager Kevin Jue told Plaintiff she needed to "revise [her] medical needs" and relocate to Austin by March 15, 2024, directly contradicting the 12-month timeframe in her offer letter and demonstrating a clear failure to engage in the interactive process in good faith.

26. Apple's stated reason for the denial—that on-site presence was an essential function for lab access and security—was pretext for discrimination. At all relevant times, other Seed Analysts were permitted to work remotely up to 48 hours per week, and Apple provided guidance for performing lab work remotely using company-issued iPads, as evidenced by a June 2024 Slack message.

**III.   Retaliation & Demotion for Engaging in Protected Activity**

27. After requesting accommodation and raising concerns about discrimination, Plaintiff was subjected to a continuous pattern of retaliation.

28. On or about December 19, 2023, Area Manager Ryan Shelton informed Plaintiff in a recorded conversation that because Apple was now aware of her need for an accommodation, she would be screened out of future internal hiring opportunities.

29. This threat was realized when Plaintiff applied for several other open positions for which she was qualified but, for the first time in her tenure, was not granted a single interview.

30. On February 5, 2024, Plaintiff filed a formal internal discrimination complaint with Apple. Rather than addressing her concerns, Apple escalated its retaliatory conduct.

31. On or about March 1, 2024, Plaintiff's manager, Josh White, gave her an ultimatum: either agree to relocate to Austin against medical advice, take an unpaid leave of absence, or accept a demotion to a lower-level position.

32. On or about March 25, 2024, without any other options, Plaintiff was forced to accept the proposed demotion.

33. On March 28, 2024, Plaintiff's doctor placed her on medical leave due to the severe stress caused by Apple's actions. When Plaintiff notified Mr. White of her leave, he sent her a text message threatening her job security, stating, "I'm not saying you wouldn't be able to [return], but I also can't say that you will be able to."

34. On or about July 22, 2024, Apple formally demoted Plaintiff from the Seed Analyst

4

role to a Carpe Facto Advisor, a lower-level customer service position.

35. This demotion constituted a material adverse employment action, resulting in a 7% reduction in her hourly wage, the loss of significant overtime opportunities, and the forfeiture of valuable stock options.

## IV. Hostile Work Environment

38. On or about June 12, 2024, while on medical leave, Plaintiff sent a single Slack message to a colleague asking about lab equipment procedures. Within 14 minutes, Apple revoked her Slack access, cutting off her primary means of communication with her team.

39. After this incident, Plaintiff was systematically isolated by management and colleagues. Mr. White informed her that her coworkers were refusing to speak with her because they were told she had retained legal counsel. Yet, Apple did nothing to address this conduct.

40. The hostility culminated in Plaintiff being removed from team communication channels and a peer, Seed Analyst Josh Levy, submitting a baseless negative review of her work immediately following her demotion, an action clearly intended to humiliate her and reinforce her diminished status.

41. The constant threats, isolation, and retaliation caused Plaintiff to suffer severe stress, anxiety, PTSD, and depression, and exacerbated her underlying physical conditions, requiring her to take multiple medical leaves.

42. Apple's actions—including the bad-faith denial of a reasonable accommodation, the coercive ultimatum to accept a demotion, the significant reduction in pay and benefits, the retaliatory threats to her job security, and the creation of and refusal to address a pervasively hostile and isolating work environment—made Plaintiff's working conditions oppressive and hostile.

## FIRST CLAIM FOR RELIEF

### Disability Discrimination in Violation of the
### Colorado Anti-Discrimination Act, C.R.S. § 24-34-402(1)(a)

45. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

46. The CADA makes it unlawful for an employer to discriminate against a qualified individual with a disability in the terms, conditions, or privileges of employment, including by failing to provide a reasonable accommodation.

47. At all relevant times, Plaintiff was a person with disabilities as defined by CADA, suffering from Systemic Lupus Erythematosus and other related conditions which substantially limit one or more major life activities.

5

48. Defendant knew of Plaintiff's disabilities and her need for an accommodation.

49. Plaintiff was a qualified individual who could perform the essential functions of the Seed Analyst position with the reasonable accommodation of working remotely, an accommodation she had effectively utilized for years while performing the same or similar job duties.

50. Plaintiff requested a reasonable accommodation, and Defendant failed to engage in the interactive process in good faith, instead coercing Plaintiff, telling her to "revise [her] medical needs," and ultimately denying the reasonable accommodation without any showing of undue hardship.

51. Defendant subjected Plaintiff to adverse employment actions, including but not limited to her demotion and reduction in pay, because of her disability.

52. Defendant's conduct as described herein violated CADA and constitutes prohibited discriminatory practices thereunder.

53. Defendant's conduct described herein was done with malice or reckless disregard of Plaintiff's state and federally protected rights.

54. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered significant injuries, damages, and losses, including but not limited to lost wages, lost benefits, emotional distress, and other pecuniary and non-pecuniary losses to be proven at trial.

## SECOND CLAIM FOR RELIEF

### Retaliation in Violation of the
### Colorado Anti-Discrimination Act, C.R.S. § 24-34-402(1)(e)

55. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

56. Under the CADA, it is unlawful for an employer to retaliate or otherwise discriminate against any person because that person has opposed any practice made unlawful by the acts or has participated in any manner in an investigation or proceeding under the acts.

57. Plaintiff engaged in protected activities, including but not limited to: (a) reporting pay inequity and misclassification in or around February 2023; (b) requesting a reasonable accommodation for her disabilities beginning in November 2023; (c) filing an internal complaint of discrimination on or about February 5, 2024; and (d) filing a Charge of Discrimination with the CCRD and EEOC on or about May 14, 2024.

58. As a direct and proximate result of Plaintiff's protected activities, Defendant subjected her to a series of adverse employment actions, including but not limited to: denying her reasonable accommodation request, threatening that she would be screened out of future roles,

demoting her to a lower-level position with less pay and fewer opportunities, threatening her job security for taking a protected medical leave, and subjecting her to a retaliatory hostile work environment.

59. Defendant's adverse actions would have dissuaded a reasonable employee from making or supporting a charge of discrimination.

60. Defendant's conduct described herein was done with malice or reckless disregard of Plaintiff's state and federally protected rights.

61. As a direct and proximate result of Defendant's retaliatory actions, Plaintiff has suffered significant injuries, damages, and losses, including but not limited to lost wages, lost benefits, emotional distress, and other pecuniary and non-pecuniary losses to be proven at trial.

## THIRD CLAIM FOR RELIEF

### Hostile Work Environment in Violation of the
### Colorado Anti-Discrimination Act, C.R.S. § 24-34-402(1)(a)

62. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

63. The CADA makes it unlawful to harass an employee because of their disability or in retaliation for engaging in protected activity.

64. Because of her disability and in retaliation for her protected activities, Defendant, through its managers and employees, subjected Plaintiff to unwelcome harassment.

65. The harassment was severe and pervasive, creating a hostile and abusive work environment that altered the terms and conditions of Plaintiff's employment. This conduct included, but was not limited to, a manager explicitly threatening to blacklist her from promotions, another manager telling her to "revise her medical needs," her direct manager threatening her job security via text message, and being systematically isolated, ostracized by colleagues, and removed from essential communication channels.

66. Defendant knew or should have known of the harassment and failed to take prompt and effective remedial action; instead, Defendant's managers perpetrated and encouraged the hostile environment.

67. Defendant's conduct described herein was done with malice or reckless disregard of Plaintiff's state and federally protected rights.

68. As a direct and proximate result of the hostile work environment created by Defendant, Plaintiff has suffered significant injuries, damages, and losses, including but not limited to emotional distress, exacerbation of her medical conditions, and other non-pecuniary losses to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Michelle Bing respectfully requests that this Court enter judgment in her favor and against Defendant Apple, Inc., and award the following relief:

a. A declaration that the acts and practices of Defendant complained of herein are in violation of the Colorado Anti-Discrimination Act;

b. An order enjoining Defendant from engaging in the unlawful practices, policies, and patterns of conduct complained of herein, and ordering Defendant to take affirmative steps to remedy the effects of its unlawful conduct, including but not limited to reinstating Plaintiff to the position of Seed Analyst with all associated benefits and providing a remote work accommodation;

c. An award of economic damages in an amount to be established at trial, including but not limited to back pay, front pay, lost benefits, lost overtime opportunities, and the value of forfeited stock options;

d. An award of compensatory damages for past and future non-pecuniary losses, including but not limited to emotional pain and suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in an amount to be determined at trial;

e. An award of punitive damages as permitted by C.R.S. § 24-34-405, for Defendant's malicious and/or recklessly indifferent violations of Plaintiff's rights;

f. An award of pre-judgment and post-judgment interest at the highest lawful rate on all amounts awarded;

g. An award of reasonable attorneys' fees and costs incurred in this action, as allowed by law; and

h. Such other and further legal and equitable relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff Michelle Bing hereby demands a trial by jury on all issues so triable.

Dated: October 24, 2025                    Respectfully submitted

**PRIMERA LAW GROUP, LLC**
/s/ Deborah E. Yim
Deborah E. Yim, #54388

1241 S. Parker Road, Suite 201
Denver, CO 80231
Telephone: (720) 239-2567
Facsimile: (720) 515-8259
E-mail: dyim@primeralaw.com

*Attorney for Plaintiff Michelle Bing*

9